# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 23, 2014

150319 & (16)

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

EMILY R. VARRAN, a Minor, by her Next Friend,
JULIA M. VARRAN,
        Plaintiff,

v

                                      SC: 150319
                                      COA: 322437
                                      Washtenaw CC: 03-000271-DC

PETER J. GRANNEMAN,
        Defendant-Appellant,
and

DEBORAH GRANNEMAN and JAMES
GRANNEMAN,
        Intervenors-Appellees.

_____/

On order of the Court, the application for leave to appeal the July 16, 2014 order the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE the order of the Court of Appeals and we REMAND this case to the Court of Appeals for further consideration. On remand, we DIRECT the Court of Appeals to issue an opinion specifically addressing the issue of whether an order regarding grandparenting time may affect custody within the meaning of MCR 7.202(6)(a)(iii), or otherwise be appealable by right under MCR 7.203(A). If the Court of Appeals determines that the Washtenaw Circuit Court Family Division's orders are appealable by right, it shall take jurisdiction over the defendant-appellant's claim of appeal and address its merits. If the Court of Appeals determines that the Washtenaw Circuit Court Family Division's orders are not appealable by right, it may then dismiss the defendant-appellant's claim of appeal for lack of jurisdiction, or exercise its discretion to treat the claim of appeal as an application for leave to appeal and grant the application. See *Wardell v Hincka*, 297 Mich App 127, 133 n 1 (2012).

We direct the Court of Appeals' attention to the fact that we are also remanding the related case of *Varran v Granneman* (Docket No. 150274) and that the related cases,

*Varran v Granneman* (Court of Appeals Docket Nos. 324412 and 324763), are currently pending in the Court of Appeals.

      The motion to consolidate is DENIED without prejudice to a party filing a motion to consolidate in the Court of Appeals.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 23, 2014



Clerk

s1222